**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **South Park, Ltd.** | ) | **CASE NO. 1:06 CV 2468** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **City of Avon,** | ) | |
| **Thomas Wearsch,** | ) | <u>**Memorandum Opinion and Order**</u> |
| **Mark Julius,** | ) | |
| **Jack Kilroy,** | ) | |
| **JoAnne Easterday,** | ) | |
| **Carol Hartwig, and** | ) | |
| **Gerald Gentz,** | ) | |
| Defendants. | ) | |

### <u>INTRODUCTION</u>

Plaintiff South Park, Ltd. seeks damages against the City of Avon, Thomas Wearsch, Mark Julius, Jack Kilroy, JoAnne Easterday, Carol Hartwig and Gerald Gentz (collectively "Defendants") for alleged constitutional violations related to Plaintiff's attempts to develop property in Avon, Ohio. Defendants have filed a motion to dismiss (Doc. 5) all of the claims of Plaintiff's Complaint. For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

Plaintiff alleges the following in its Complaint.  Plaintiff is a developer seeking to develop property in Avon, Ohio.  In December 2002, Plaintiff submitted an application to develop duplexes which was reviewed and approved by the City Planning Commission.  The City Planner and Planning Commission then requested that Plaintiff revise its development plan to provide single-family detached cluster homes rather than duplexes.  Plaintiff revised the plan, continued to work with the City and Planning Commission, and the preliminary plat was approved by the Planning Commission on May 21, 2003.  Plaintiff made further modifications to the development plan and the Planning Commission voted to recommend final approval on July 16, 2003.  The lone vote against approval was the City Council representative on the Planning Commission, Councilman Wearsch.  Plaintiff alleges that based on the Planning Commission's recommendation, it has "fully complied with the law and accordingly had the constitutional right to have its request granted by Council."

As required by the City Zoning Code, City Council addressed the proposed final plat in three regular meetings and three informal work sessions.  City Council expressly acknowledged that the final plat met all of the specific criteria of the Zoning Code related to cluster homes but nonetheless voted six to one to deny the final plat on October 14, 2003.

Plaintiff filed an appeal under Ohio Revised Code Section 2506 in the Court of Common Pleas of Lorain County on November 10, 2003.  The Court of Common Pleas granted judgment in favor of the City on August 5, 2004.  Plaintiff appealed that decision to the Ninth District Court of Appeals, which reversed the judgment of the trial court on May 4, 2005.  On remand, the Court of Common Pleas entertained no further input from the parties and again entered

judgment for the City Council on May 20, 2005.  Plaintiff appealed to the Court of Appeals a second time.  On June 7, 2006, the Court of Appeals reversed the judgment of the Court of Common Pleas, ruling that the City Council's decision to deny Plaintiff's application was "illegal" and not supported by a preponderance of substantial, reliable, and probative evidence.

Plaintiff claims that as a result of the illegal actions of the council members and the City, it lost its ability to develop the subdivision and has been damaged in an amount greater than $25,000.  Plaintiff's first Count alleges that "[h]aving complied with applicable law, South Park had the constitutional right to have its request to develop the proposed Kenwyn Subdivision granted by the City Council."  Plaintiff claims that by denying its application and ignoring facts and law that clearly establish that Plaintiff had complied with the Zoning Code, the City and the council members violated 42 U.S.C. § 1983.  Plaintiff's second Count alleges that "[i]n acting unreasonably and failing to advance substantially any legitimate governmental interest by taking upon themselves effectively and illegally to legislate new law in derogation of applicable law, City Council and these individuals deliberately abused their powers and so violated 42 U.S.C. §§ 1983 and 1988."  Finally, Count Three seeks punitive damages resulting from the illegal actions of Defendants.

**STANDARD OF REVIEW**

When considering a motion to dismiss, the Court primarily considers the allegations of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).  The allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir.

1999).  A claim is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).

### **DISCUSSION**

Plaintiff brings its claims pursuant to 42 U.S.C. § 1983.  Section 1983 is a vehicle for plaintiffs to obtain damages for violations of the Constitution or federal statutes.  *Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006).  The prevailing party in a Section 1983 action may also be entitled to attorneys' fees under 42 U.S.C. § 1988(b).

Defendants ask the Court to dismiss Plaintiff's claims on the basis of the statute of limitations.  The statute of limitations for this Section 1983 action is determined by reference to "the residual or general personal injury statute of limitations" under Ohio law.  *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989).  It is undisputed that in Ohio the statute of limitations for a Section 1983 action is two years.  *Id*. at 992.

The dispositive issue in this action is the time when Plaintiff's claims accrued.  Defendants argue that Plaintiff's claims accrued as a matter of law no later than October 14, 2003, at the time that City Council denied Plaintiff's application.  Plaintiff responds that its claims accrued at the end of the administrative appeal process in June of 2006.  This action was originally filed in Ohio state court in September of 2006, more than two years after the Council's decision but only months after the conclusion of administrative appeals.

The time of accrual of a Section 1983 action is a matter of federal law.  *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  "Under federal law as developed in this Circuit, the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred."  *Collyer v. Darling*, 98 F.3d 211, 220 (6th

4

Cir. 1996).  "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  *Sevier*, 742 F.2d at 273.  Although Plaintiff's Complaint does not clearly state which constitutional provision or federal law was allegedly violated by Defendants' actions, cases cited by Plaintiff in its brief in opposition to Defendants' motion indicate that the denial of the final plat may serve as the basis for claims under theories of substantive due process, procedural due process, and equal protection.  *Brady v. Town of Colchester*, 863 F.2d 205 (2d Cir. 1988) (allowing substantive due process and equal protection claims related to a zoning decision to go forward); *Bateson v. Geisse*, 857 F.2d 1300, 1306 (9th Cir. 1988) (holding that denial of a building permit amounted to a substantive due process violation); *Cunningham v. Overland*, 804 F.2d 1066, 1068 (8th Cir. 1986) (affirming a substantive due process verdict related to denial of a building permit); *Littlefield v. Afton,* 785 F.2d 596, 608 (8th Cir. 1986) (allowing a substantive due process claim to go forward); *Scott v. Greenville County*, 716 F.2d 1409, 1417, 1421 (4th Cir. 1983) (allowing claims of due process and equal protection to go to a jury in local zoning dispute); *S. Coop. Dev. Fund v. Driggers*, 696 F.2d 1347, 1348 (11th Cir. 1983) (alleging due process violation in refusal to approve a preliminary subdivision plat).  Because the administrative appeals at issue in this case overturned the City's denial of Plaintiff's final plat, it would seem that the only injury to Plaintiff could be from the City Council's denial of the final plat.  Plaintiff should have been aware of this injury from the time of the "illegal" denial.  *See Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (explaining that the proper focus for statute of limitations purposes is the time of the illegal act, not the time when the consequences become painful).

Plaintiff argues at length, with little citation of relevant authority, that property related constitutional claims do not accrue until the administrative appeal process is complete.

However, absent a statutory directive to the contrary,[1] exhaustion of administrative remedies is not required for Section 1983 claims.  *Patsy v. Bd. of Regents of the State of Florida*, 457 U.S. 496, 516 (1982); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 518-19 (6th Cir. 2004); *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 692 (6th Cir. 1999).  Accordingly, federal courts have routinely rejected claims that the Section 1983 statute of limitations begins only when administrative appeals are completed or that the limitations period is tolled while a plaintiff exhausts administrative remedies.  *Watson v. City of Albany,*, 834 F.2d 1027 n.3 (11th Cir. 1987); *Burns v. Town of Lamoine*, 43 F. Supp. 2d 63, 69-70 (D. Maine 1999); *Carter v. Dist. of Columbia*, 14 F. Supp. 2d 97, 102 (D.D.C. 1998); *Coleman v. O'Grady*, 803 F. Supp. 226, 228 (N.D. Ill. 1992); *R&J Holding Co. v. The Redevelopment Authority of the County of Montgomery*, 165 Fed. Appx. 175, 180 (3d Cir. Jan. 31, 2006); *Key v. Ill. Dept. of State Police*, 2006 U.S. Dist. LEXIS 81456, *14 (N.D. Ill. Nov. 7, 2006); *Haeberle v. Univ. of Louisville*, 2002 U.S. Dist. LEXIS 7380, *5-6 (W.D. Ky. Apr. 29, 2002); *St. Cyr v. Fernandez*, 1996 U.S. Dist. LEXIS 20166, *13-15 (E.D.N.Y. Sept. 3, 1996); *Watkins v. Brandt*, 1996 U.S. Dist. LEXIS 11244, *10 (N.D. Ill. Aug. 5, 1996).

Plaintiff points to the Supreme Court case of *Williamson County Planning Commission v. Hamilton Bank* as supporting its argument.  473 U.S. 172 (1985).  Although *Williamson County* is on point, it is not helpful to Plaintiff.  Rather, under *Williamson County* the limitations clock begins no later than the date the City Council denied Plaintiff's final plat.

The *Williamson County* court considered a takings and due process challenge to a planning commission's rejection of a final subdivision plan.  *Id.* at 181, 85.  The developer in

---

[1] Plaintiff fails to point to any such directive that would apply here. Exhaustion is typically required in prisoner litigation.

that case "refus[ed] to follow the procedures for requesting a variance [and] refus[ed] to provide specific information about the variances it would require . . . ." *Id*. at 190.  Accordingly, the plaintiff "hardly can maintain that the Commission's disapproval of the preliminary plat was equivalent to a final decision . . . ." *Id*.  The legality of the planning commission's acts "simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question."[2] *Id*. at 191.

The *Williamson County* court explained that the "administrative agency" that must come to a final decision is the *initial* decision maker—i.e., the local planning authority.  473 U.S. at 193.  In this case, City Council was the initial decision maker and made its final decision in October of 2003.  Although Plaintiff argues that the City Council's decision was not final until the completion of its administrative appeals, the *Williamson County* court held that the decision of the initial decision maker is final despite the availability of administrative appeals:

> The question whether administrative remedies must be exhausted is conceptually distinct, however, from the question whether an administrative action must be final before it is judicially reviewable. * * * While the policies underlying the two concepts often overlap, the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate. *Patsy* concerned the latter, not the former.
>
> The difference is best illustrated by comparing the procedure for seeking a variance with the procedures that, under *Patsy*, respondent would not be required to exhaust. While it appears that the State provides procedures by which an aggrieved property owner may seek a declaratory judgment regarding the validity of zoning and planning actions taken by county authorities,  . . . respondent would

---

[2] A second aspect of *Williamson County,* not at issue here, involves state inverse or reverse condemnation actions.  473 U.S. at 194.

>not be required to resort to those procedures before bringing its § 1983 action, because those procedures clearly are remedial. Similarly, respondent would not be required to appeal the Commission's rejection of the preliminary plat to the Board of Zoning Appeals, because the Board was empowered, at most, to review that rejection, not to participate in the Commission's decisionmaking.

*Williamson County*, 473 U.S. at 192-193 (internal citations omitted). Here, the decisionmaker is the City Council. The administrative appeal employed by Plaintiff is simply a method to review, but not participate in, the City Council's decisionmaking. Accordingly, federal courts do not consider Section 2506 appeals in determining the statute of limitations for Section 1983 claims. *Wedgewood Ltd. P'ship v. Township of Liberty, Ohio*, 456 F. Supp. 2d 904, 922 n.21 (S.D. Ohio 2006) ("Although Defendants argue that the Zoning Inspector's decision cannot be considered final until state proceedings are complete, courts within Ohio have long held that appeal under Chapter 2506 of the Ohio Revised Code is a judicial review of a final administrative decision."); *Ardire v. Rump*, 1993 U.S. App. LEXIS 17220, *10 (6th Cir. June 30, 1993) (holding that the plaintiffs "were not required to have exhausted the appeal under Ohio Rev. Code § 2506").

The City Council's decision is also final as to any claim Plaintiff might bring. However the Court might characterize Plaintiff's property related constitutional claims, *Williamson County* sets the *latest* point at which the limitations clock for Plaintiff's claims might have started. *Williamson County*, 473 U.S. at 200 (applying the same finality analysis to takings claims and due process claims); *Bannum v. City of Louisville*, 958 F.2d 1354, 1364 (6th Cir. 1992) (arguing in dissent that zoning-related claims alleging equal protection violations are ripe only after final action by the initial decisionmaker, not before as the majority had allowed); *Hammond v. Baldwin*, 866 F.2d 172, 176 (6th Cir 1989) (explaining that a final judgment is not required for a claim that the process relating to property is deficient); *Wedgewood*, 456 F. Supp. 2d 904, 920, 922 (S.D. Ohio 2006) (explaining that non-takings claims may be first asserted, at

the latest, once there has been a final decision); *Celantano v. City of West Haven*, 815 F. Supp. 561, 566-67 (D. Conn. 1993) (explaining that a substantive due process claim is subject to the requirement of a final decision by the initial decision maker).

In sum, Plaintiff's claims accrued at the latest when City Council denied the final plat in October of 2003.  Plaintiff does not point to any tolling provision that would apply and courts to address the issue have declined to apply tolling in similar circumstances.  *See Carter*, 14 F. Supp. 2d at 102 (declining to apply tolling to a § 1983 claim); *Coleman*, 803 F. Supp. at 228 (declining to toll the statute of limitations during "pursuit of administrative and state court remedies" where, as here, the plaintiff failed to identify "any state rule that would toll the statute of limitations applicable to a § 1983 claim"); *Watkins*, 1996 U.S. Dist. LEXIS 11244, *10 (explaining that because there is no requirement to exhaust administrative remedies there is no tolling while the plaintiff pursues those remedies).  Plaintiff makes cursory reference to *Burford* and *Pullman* abstention, but the Court finds both abstention doctrines inapposite to Plaintiff's claims.  *Pullman* abstention relates to cases where resolution of an unsettled question of state law in state court might render a ruling on federal constitutional issues unnecessary.  *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 501 (1941); *Bellotti v. Baird*, 428 U.S. 132, 147 (1976).  Here, the Plaintiff has received a favorable ruling in state court yet still presses its federal constitutional claims, and Plaintiff has not attempted to explain how the state law issues are unsettled.  *Burford* abstention refers to instances where federal courts decline to exercise jurisdiction in deference to complicated state administrative procedures.  *Burford v. Sun Oil Co.*, 319 U.S. 315, 333-34 (1943).  Not only has Plaintiff failed to point to a sufficiently complex state administrative procedure, *see New Orleans Public Service, Inc. v. Council of City of New*

9

*Orleans*, 491 U.S. 350, 364 (1989), but *Burford* abstention is also inappropriate because Plaintiff seeks damages. *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996). Finally, even if one of these abstention doctrines applied, the appropriate procedure is not to delay filing of the Section 1983 action. *See Wyatt v. Keating*, 130 Fed. Appx. 511, 515 (3d Cir. Mar. 11, 2005) (explaining that the plaintiff could have filed in district court and the case could have been stayed if abstention was required).

### CONCLUSION

Accordingly, the Court GRANTS Defendants' motion.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/26/07